UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAMES CONLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-00331-JMS-MJD |
| | ) | |
| CHARLES A. DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas
Corpus and Directing Entry of Final Judgment**

James Conley is serving the executed portion of the sentence imposed in No. 13-CR-213 on June 20, 2014 by the United States District Court for the Eastern District of Wisconsin ("the federal sentence"). The Judgment in that action provided, in part, that the executed sentence on count one would run concurrent with the sentences in certain Wisconsin state cases. Conley's petition for a writ of habeas corpus, filed while he was confined in this District, seeks relief based on the Federal Bureau of Prison's failure to award him credit for his service of those state sentences.

The respondent argue first that Conley failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a), a provision added as part of the Prison Litigation Reform Act ("PLRA"). However, the exhaustion provision of the PLRA does not apply to petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

> A number of other circuits—relying primarily on the ground that habeas proceedings are not civil actions—have ruled the Litigation Reform Act inapplicable to habeas actions brought by federal prisoners under § 2241. *Walker*

> *v. O'Brien,* 216 F.3d 626, 633–34 (7th Cir. 2000); *Blair–Bey v. Quick,* 151 F.3d 1036, 1039–40 (D.C.Cir. 1998); *Davis v. Fechtel,* 150 F.3d 486, 490 (5th Cir. 1998); *McIntosh* [*v. U.S. Parole Comm'n,]* 115 F.3d [809,] 811 [(10th Cir. 1997)]. Doubtless the same rule should obtain in § 2241 cases as in § 2254 petitions.

*Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001).

It true that there is a requirement of exhaustion of administrative remedies in this setting, *see Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions even though [42 U.S.C.] § 1997e(a) does not."), but this is "judge made for federal[habeas corpus cases]." *Greene v. Meese*, 875 F.2d 639, 640 (7th Cir. 1989). In any event, the exhaustion requirement is not jurisdictional and there is every reason to proceed to the merits in this instance.

The pleadings and the expanded record show the following facts to be material to Conley's habeas claim:

- On September 8, 2013, while on parole with respect to Wisconsin state court convictions in No. F910495 and No. 95CF4839, Conley was arrested by law enforcement in Milwaukee for Armed Robbery and for violation of his parole.

- Conley's parole in the referenced state court conviction was revoked on October 8, 2013 and he was sentenced to re-incarceration of 6 years, 5 months and 8 days in No. 95CF4839 and 7 months, 29 days in No. F910495 ("the parole violation sentences").

- Conley started to receive credit from the State of Wisconsin on the parole violation sentences on the date of his arrest, September 8, 2013.

- On November 12, 2013, Conley was brought into federal custody pursuant to a writ of habeas corpus *ad prosequendum*.

- The federal sentence was imposed on June 20, 2014. The 90-month portion of the federal sentence was to run concurrently with the parole violation sentences. The 60-month portion of the federal sentence was ordered to "run[ ] consecutively to all other sentences."

- On June 30, 2014, Conley was returned to state custody to continue to serve the parole violation sentences.

- On September 2, 2015, Conley was released by state authorities and turned over to the custody of federal officials to serve the federal sentence.

- The BOP has calculated Conley's federal sentence as beginning on the date it was imposed, June 20, 2014.

- The State of Wisconsin has given Conley credit toward service of the parole violation sentences for the period from his arrest on September 8, 2013, until his release on September 2, 2015. This includes the period of time between Conley's arrest until the date the federal sentence was imposed.

- The BOP has not given Conley credit toward service of the federal sentence for the period of time between his arrest and date prior to the imposition of the federal sentence because he received credit for that time from the State of Wisconsin and because this was a period of time prior to the imposition of the federal sentence.

### Discussion

An inmate may challenge the BOP's computation of his sentence pursuant to 28 U.S.C. § 2241. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006), *cert. denied*, 549 U.S. 1152 (2007) ("Prisoners are entitled to administrative review of the computation of their credits . . . and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241"). Conley presents such a challenge here, contending that the BOP has not caused the 90-month portion of the federal sentence to run concurrently with the parole violation sentences. There is no contention of error as to the 60-month portion of the federal sentence. *See United States v. Gonzales*, 520 U.S. 1, 11 (1997)(noting that 18 U.S.C. § 924(c) "forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal").

The computation of federal sentences is governed by 18 U.S.C. § 3585. Section 3585(b) directs that a defendant receive prior custody credit, or jail time credit, "for any time spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; (3) that has not

been credited against another sentence." (emphasis added); *see also United States v. Wilson*, 503 U.S. 329, 333 (1992).

"Congress made clear that a defendant could not receive a double credit for his detention time." *Id.,* 503 U.S. at 337. The Seventh Circuit has likewise made clear that § 3585(b) forbids the BOP from giving prior custody credit when that credit has been applied to another sentence. *See Gigsby v. Bledsoe,* 223 Fed.Appx. 486, 489 (7th Cir. 2007); *United States v. Ross,* 219 F.3d 592, 594 (7th Cir. 2000). In *Gigsby*, the Seventh Circuit determined that where the state credited the petitioner for time spent in custody before the commencement of his federal sentence, he was not entitled to the same benefit from the BOP merely because his subsequent federal sentence was ordered to run concurrently. *Gigsby*, 223 Fed.Appx at 489.

The pivotal point here, therefore, is that Conley was not held on pretrial detention following his arrest, but when detained was serving the parole violation sentences for conduct unrelated to the federal charge and for which he was fully credited by the State of Wisconsin. He was not entitled to more.

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose vs. Hodges*, 423 U.S. 19, 21 (1975). As explained above, Conley has failed to show that the BOP has miscalculated his federal sentence or has improperly denied him credit toward that sentence. Accordingly, Conley has failed to show that he is entitled to habeas corpus relief and his petition for a writ of habeas corpus must be denied.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:  June 17, 2016

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

JAMES CONLEY
12955-089
PEKIN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
PEKIN, IL 61555